Filed 6/16/22  Saint-Victor v. City of Los Angeles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| OLIVER SAINT-VICTOR,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B313498<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV37340) |

APPEAL from an order and a judgment of the Superior Court of Los Angeles County, Stuart Rice, Judge.  Affirmed.

Oliver Saint-Victor, in pro. per., for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Scott Marcus, Chief Assistant City Attorney, Blithe S. Bock, Managing Assistant City Attorney, and Shaun Dabby Jacobs, Deputy City Attorney, for Respondent.

_____

Oliver Saint-Victor appeals from the trial court's order and judgment sustaining a demurrer without leave to amend and dismissing his action. The demurrer was brought by the City of Los Angeles (the City)[1] to appellant's Second Amended Complaint (SAC). Appellant claimed Los Angeles Police Department (LAPD) officers stalked him, harassed him, and violated his rights under article 1 of the California Constitution. The SAC alleged LAPD followed appellant wherever he went and, on unspecified occasions on unidentified dates, approached him on foot to make racial slurs and threats of violence. Appellant contends the trial court erred in finding the SAC was uncertain and did not contain facts sufficient to state a cause of action. He contends the trial court also erred in finding he did not comply with the Government Claims Act. He argues he should be granted leave to amend. After our de novo review, we reach the same conclusion as the trial court: the SAC does not state sufficient facts to constitute a cause of action and is uncertain. Appellant has not shown that he is able or willing to cure these defects.[2] We affirm the order and resulting judgment.

---

[1] Appellant named the Los Angeles Police Department as the defendant, but the Department does not exist apart from the City of Los Angeles; it has no separate legal identity. (See *Alcala v. City of Corcoran* (2007) 147 Cal.App.4th 666, 669–671; see also *Brumer v. City of Los Angeles* (1994) 24 Cal.App.4th 983, 987.) A lawsuit against the Department is a lawsuit against the City of Los Angeles and the City is the proper defendant and respondent on appeal.

[2] Respondent offers additional grounds in support of the trial court's ruling, most of which were not relied upon by the trial court in sustaining the demurrer. We need not and do not reach those grounds. We deny respondent's request to take judicial

## BACKGROUND

Appellant filed his original complaint in October 2019. The complaint did not set forth intelligible causes of action. It simply alleged without more that LAPD's "crimes include: Stalking tort, police harassment, malice, extreme and outrageous conduct, intentional tort, credible threat and Title 42 Section 1983 of the United States Code." The complaint included only extremely broad allegations describing LAPD's behavior, such as: "When ever he leaves his place of residence for work, groceries or to socialize he is stalked and harassed by a multitude of Los Angeles Police Department Officers." There are no dates or locations for these allegations.

The trial court sustained the City's demurrer to the complaint with leave to amend, explaining "the complaint fails to state sufficient facts to constitute a cause of action and is uncertain. There are no discernible causes of action in the complaint. The allegations are insufficient to apprise defendant of the basis upon which plaintiff is seeking relief. Further, there are no allegations showing the plaintiff complied or was excused from complying with the requirements of Government Code section 900, et seq."

In March 2020, appellant filed his First Amended Complaint (FAC). The FAC repeated that LAPD's "crimes include: Stalking tort, police harassment, malice, extreme and outrageous conduct, intentional tort, credible threat and Title 42 Section 1893 of the United States Code." The only dates given for the alleged conduct were "01/01/2018–03/10/2020."

---

notice of the legislative history of Civil Code section 1708.7. We find it unnecessary, in light of our decision, to address appellant's compliance with the Government Code.

3

The City again demurred and the trial court again sustained the demurrer with leave to amend because the FAC "fails to state sufficient facts to constitute a cause of action and is uncertain." As the court explained again: "There are no discernible causes of action in the complaint. The allegations are insufficient to apprise defendant of the basis upon which plaintiff is seeking relief. Plaintiff alleges that 'he is stalked and harassed by a multitude of Los Angeles Police Department Officers' every time he leaves his residence, but fails to allege any facts showing how the police stalk him other than by merely being present. Nor does he describe any specific incident of harassment."

On September 17, 2020, appellant filed the SAC. The SAC listed three purported causes of action: stalking, "civil harassment," and a vague constitutional claim. The City demurred for the third time. The trial court granted the demurrer, this time without leave to amend.[3] This appeal followed.

## DISCUSSION

In its written ruling sustaining the demurrer to the SAC, the trial court noted that in ruling on the previous demurrers, the court found the pleading failed to state sufficient facts to constitute a cause of action, was uncertain, and there were no allegations satisfying the requirements of Government Code

---

[3] We grant respondent's motion to take judicial notice of the court's written ruling explaining its decision to sustain the demurrer without leave to amend, which appellant did not designate as part of the record on appeal. The ruling is incorporated by reference into the trial court's January 8, 2021 minute order sustaining the demurrer. (Evid. Code, § 452, subd. (d).)

4

section 900 et seq. The court recognized the SAC had an attached form, which was "apparently submitted to Defendant on or about March 20, 2019. . . . However, the SAC remains devoid of any specific factual allegations to state claims for stalking or harassment." The court explained the SAC "alleges in vague terms that '[t]he LAPD is seen multiple times and different days at the time location Plaintiff frequents for years between 2019 and 2020.' " "The sole incident identified in the SAC which may pertain to Plaintiff's three purported causes of action occurred on October 8, 2019, where LAPD is alleged to have 'stopped their car as Plaintiff was going to the store.' " "Plaintiff alleges '[t]he LAPD officer is heard saying racial slurs, the n word and threatening violence.' " The court explained this date fell outside of the scope of the action, as it occurred after the government claim was submitted in March 2019. The court also noted: "[t]here are no allegations of any ongoing conduct other than the presence of LAPD officers at unidentified points in time at vague locations throughout the Los Angeles metropolitan area."

The court pointed out appellant's opposition to the demurrer referred to videos he sent to LAPD allegedly showing LAPD stalking him, but which were not before the court on the demurrer; the opposition also "recite[d], albeit inaccurately, the elements of the stalking claim, or recite[d] conclusory assertions" which were not in the SAC and "would not suffice to maintain a claim even if they had been pled." In sum, the opposition did not offer any indication plaintiff could cure the errors identified in the demurrer.

5

The court explained its decision to deny leave to amend: "[t]his is the third demurrer and Plaintiff has been granted two opportunities to rectify the deficiencies of his original complaint. Considering Plaintiff's inability to successfully amend the pleadings, and in the absence of any identifiable claim falling within the scope of Plaintiff's government claim, the demurrer to the Second Amended Complaint is sustained without leave to amend."

Appellant contends in pertinent part that the trial court erred in sustaining the demurrer because he did allege facts stating a cause of action and there is no uncertainty in his complaint. He contends that even if there were flaws in the SAC, the trial court abused its discretion in denying leave to amend.

A complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." (Code Civ. Proc., § 425.10, subd. (a)(1).) "The party against whom a complaint . . . has been filed may object, by demurrer . . . to the pleading on any one or more of the following grounds: [¶] . . . [¶] (e) The pleading does not state facts sufficient to constitute a cause of action. [¶] (f) The pleading is uncertain." (Code Civ. Proc., § 430.10.)

We review the complaint de novo to determine whether it contains facts sufficient to state a cause of action. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 870.) "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable

interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

We affirm the sustaining of a demurrer " 'if any one of the several grounds of demurrer is well taken.' " (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) We need not address the correctness of every possible ground.

A.     *The SAC Does Not State Facts Sufficient to Constitute a Cause of Action.*

We begin with the requirements of appellant's three causes of action. The tort of stalking requires "a pattern of conduct the intent of which was to follow, alarm, place under surveillance or harass the plaintiff." (Civ. Code, § 1708.7, subd. (a)(1).) Civil harassment is also a statutory tort, which also requires "a pattern of conduct composed of a series of acts over a period of time" which evidences "a continuity of purpose." (Code Civ. Proc., § 527.6, subd. (b)(1).)[4] The conduct may include stalking or harassment. (*Ibid*.) The legal basis of appellant's third cause of action, entitled "California Constitution Article 1 Sec. 1" is

---

[4]     We note that the only remedy provided by this section is a temporary restraining order and injunction, which appellant has not requested in the SAC.

7

unclear. He alleges, however, that LAPD is interfering with his "liberties, privacy and safety" by stalking and harassing him. A claim for invasion of privacy cannot arise from observation in a public place. (*Sanders v. American Broadcasting Companies* (1999) 20 Cal.4th 907, 914–915.)

In reviewing a complaint, we may consider matters which may be judicially noticed. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) We take judicial notice of the fact that LAPD officers are found in LAPD patrol vehicles moving throughout Los Angeles for a variety of legitimate reasons including performing routine patrols, undertaking investigative activities, and responding to 911 calls. The vehicles may also be stationary and officers may exit their vehicles for similar legitimate reasons.[5] When evaluated in this context, appellant's allegations are nothing more than conclusions of fact, or possibly deductions, that we need not treat as admitted or true. (*Ibid*.)

First, appellant alleges LAPD "stalks" him by "following" him wherever he goes. Given the widespread presence and movement of LAPD vehicles, movement of LAPD vehicles parallel to or behind vehicles on the busy streets of Los Angeles necessarily occurs every day. The tort of stalking requires purposeful conduct, that is, proof that the defendant "engaged in a pattern of conduct the intent of which was to follow . . . the plaintiff." (Civ. Code, § 1708.1, subd. (a)(1).) Appellant has not alleged any specific facts which, if taken as true, would show that

---

[5] We take judicial notice of these facts pursuant to Evidence Code section 452, subdivision (g), which permits notice of "[f]acts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute."

8

movements of LAPD vehicles along public streets were intended to follow him in particular. He simply alleges as a conclusion of fact that LAPD vehicles were following him. Such conclusions are not taken as true for purposes of a demurrer.

It is also possible to understand appellant's allegations that LAPD was present wherever he was as meaning that LAPD waited for him at certain locations he frequents. We will assume for the sake of argument that waiting for a person could constitute "a pattern of conduct the intent of which was to . . . place [him] under surveillance." Given the widespread presence of LAPD vehicles and officers throughout Los Angeles, however, it is simply a conclusion that LAPD waited in those places for appellant to appear so that officers can surveil him. We do not treat such conclusions as admitted for purposes of a demurrer. The cause of action for stalking was insufficient.

Appellant also alleges LAPD "harasses" him. This claim is stated as a conclusion, with no facts showing the specific conduct constituting harassment. In other instances, the allegation of harassment, while described as the use of racial slurs and the threat of violence, is so broad in its alleged occurrence as to be uncertain.

Appellant points out that a "demurrer for uncertainty is strictly construed, even where a complaint is in some respects uncertain, because ambiguities can be clarified under modern discovery procedures." (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 616.) At the same time, a plaintiff must " ' "set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of action." ' " (*Doheny Park Terrace Homeowners Assn., Inc. v.*

9

*Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1099.) " ' "The particularity required in pleading facts depends on the extent to which the defendant in fairness needs detailed information that can be *conveniently provided* by the plaintiff; less particularity is required where the defendant may be assumed to have knowledge of the facts equal to that possessed by the plaintiff." ' " (*Ibid.*, italics added.)

Here, appellant alleges that harassment took place over a period of several years by a "multitude" of LAPD officers "when not in the vehicles." He alleges he has seen the officers out of their vehicles all over Los Angeles, including Hollywood, Studio City, Echo Park, the Valley, West Los Angeles, and South Los Angeles. There are no specific dates and or locations for the pedestrian encounters, although these must be known to appellant, and could be "conveniently provided" by him. In contrast, we cannot conclude that these facts are within the knowledge of LAPD or can be readily obtained by it. LAPD has over 9,000 officers covering an area of 468 square miles each day.[6] There is simply no reason to believe that LAPD knows (or has records of) the minute by minute activities of all of its officers for every day of several years across all of its locations. Accordingly, we presume appellant's knowledge of these encounters is superior to that of LAPD.

---

[6]    We take judicial notice of these facts pursuant to Evidence Code section 452, subdivision (h), which permits notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."

Since appellant had superior knowledge of his encounters with individual LAPD officers and could have conveniently provided the dates and locations of the encounters, the demurrer for uncertainty as to the harassment cause of action was properly sustained.

Once the conclusory allegations that LAPD was following appellant and was present wherever he went, and the uncertain claims of harassment are set aside, there are no facts alleged which would show a pattern of conduct by LAPD officers directed toward appellant, which is a required element of both torts of stalking and harassment. Similarly, once these allegations are set aside with respect to the "constitutional" claim, there are no specific facts about wrongdoing left to consider.

B.    *The Trial Court Did Not Abuse Its Discretion in Denying Leave to Amend.*

In its ruling on the demurrer to the complaint, the trial court explained that the allegations of the complaint were insufficient to apprise the defendant of the basis upon which appellant was seeking relief. In its ruling on the FAC, the trial court provided more detailed guidance. The court specifically stated the allegations were insufficient, explaining: "Plaintiff alleges that . . . 'he is stalked and harassed by a multitude of Los Angeles Police Department Officers' every time he leaves his residence, but fails to allege any facts showing how the police stalk him other than by merely being present. Nor does he describe any specific incident of harassment." Appellant did not remedy these defects, except by identifying a single specific incident of harassment, which is not sufficient to show the course or pattern of conduct required for appellant's causes of action in tort.

11

In its January 8, 2021 ruling on the demurrer to the SAC, the court noted the SAC only "alleges in vague terms that '[t]he LAPD is seen multiple times and different days at the time location Plaintiff frequents for year between 2019 and 2020.' " The court added that the SAC "fails to tie in the presence of LAPD officers in North Hollywood or any other city to alleged stalking activity." The court stated that appellant's opposition to the demurrer offered at best more conclusory arguments, not the sort of detailed facts required to survive the demurrer. Thus, the trial court did not abuse its discretion in denying leave to amend, as appellant had shown himself to be unable or unwilling to make the specific allegations necessary to state a cause of action.

In May 2021, after final judgment had been entered in this matter, appellant filed three declarations in an apparent attempt to show the additional information he would allege if given the opportunity to amend. The first listed general categories of conduct which can constitute stalking, along with a copy of a photograph which appellant declares shows a police vehicle on Glendale Boulevard near appellant's residence. The second declaration includes maps showing areas in which he declared LAPD had stalked and followed him, generally for a period specified only as 2019 to 2020. The third declaration provides a list of specific dates on which he contends LAPD was seen stalking him. Respondent acknowledges we may consider these declarations to determine whether there is a reasonable possibility that the allegations therein could cure the defects in the SAC. We conclude there is no such possibility.

The first two declarations in no way provide facts which show LAPD following appellant or waiting for him in predetermined locations. The third declaration includes a long list of dates. While the dates are precise, the locations are generally not. They consist primarily of descriptions such as "on bus to gym" and "was exercising." Some use the term "stalking" but provide no other details at all, let alone details showing LAPD was undertaking anything more than routine police activity. Thus, this additional information would not remedy the defects in the SAC as to the stalking cause of action.

We recognize appellant does identify six dates on which he contends LAPD officers harassed him, but these instances remain uncertain. Most significantly, for five of the six incidents, appellant uses only the conclusory terms "threatens" or "harasses." For the October 21, 2019 incident he specifies that the LAPD "says racist epithet." In only two of the instances is the location of the harassment clear. Appellant stated that on October 9, 2019, he went to the Ralph's in West Hollywood "where cops harass him." He also states that on November 16, 2019 while "working for Wheels was harassed by Mexican LAPD cop." The October 11, 2019 incident does not identify any location, and the October 21, 2019 incident simply describes appellant as coming home from his "Cal job source." The September 27 and October 8, 2019 incidents state appellant went to a specified location, but include a separate description of the "threatening" which suggests it did not occur at the described location, but merely on the same date. This new information does not justify granting appellant leave to amend.

## DISPOSITION

The trial court's order and judgment are affirmed.  The parties shall bear their own costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                STRATTON, P. J.

We concur:



      GRIMES, J.



      WILEY, J.